```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOEL BURSTEIN, et al.         :     CIVIL ACTION
                              :
          v.                  :
                              :
SUN LIFE ASSURANCE COMPANY    :
OF CANADA (U.S.)              :     NO. 12-2494
```

MEMORANDUM

Bartle, J.                                            August 14, 2012

    Plaintiffs Joel Burstein ("Burstein") and Elli Weinstein ("Weinstein") bring this action against defendant Sun Life Assurance Company of Canada ("Sun Life") for breach of contract and for violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws c. 93A, § 1 et seq.  Before the court is the motion of Sun Life to transfer venue to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

    Plaintiffs are beneficiaries of a life insurance policy issued by Sun Life to their father, Harold Burstein.  According to the complaint, Sun Life "misrepresent[ed] pertinent facts concerning the insurance policies at issue, including the benefits thereunder" and "fail[ed] to effect prompt, fair, and equitable settlement of death benefit claims for the full amount of the death benefit specified in such policies."  Specifically, plaintiffs state that Sun Life overstated the value of death benefits under the policy.  As a result, plaintiff Weinstein

overpaid the balance due on a loan taken by her father against the death benefits.  Plaintiffs make these claims on behalf of themselves and others similarly situated and intend to seek class certification.  Weinstein resides in the Eastern District of Pennsylvania.  Burstein currently resides in Israel.  Sun Life is a citizen of Delaware with its principal place of business in Massachusetts.

> Section 1404(a) provides:
>
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Under the federal venue statute, venue is proper in any district where the defendant resides, or where "a substantial part of the events or omissions giving rise to the claim occurred."  See 28 U.S.C. § 1391(a)(1)-(2).  For purposes of venue, a defendant that is a corporation "is deemed to reside in any judicial district in which it is subject to personal jurisdiction."  Id. at § 1391(c).  Sun Life does not dispute that it does business in Pennsylvania and is subject to personal jurisdiction here.  Thus, venue is proper in the Eastern District of Pennsylvania.  Venue, of course, would also be proper in the District of Massachusetts.

Because the venue requirements have been met for both districts, we must now decide whether a transfer to the District of Massachusetts would be more convenient or in the interest of justice under § 1404(a).  The party seeking transfer bears the

burden of proving that transfer is appropriate.  <u>Plum Tree, Inc. v. Stockment</u>, 488 F.2d 754, 756 (3d Cir. 1973).  The seminal decision in this circuit governing such motions is <u>Jumara v. State Farm Insurance Co.</u>, 55 F.3d 873 (3d Cir. 1995).  <u>Jumara</u> requires this court to consider various private and public interests in making this decision.

The private interests include:  (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records.  <u>Id.</u> at 879.

The public interests under <u>Jumara</u> include:  (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  <u>Id.</u> at 879-80.

We begin with the parties' preferences.  Plaintiffs chose to institute suit in the Eastern District of Pennsylvania because Weinstein resides here.  Generally, a plaintiff's choice of forum is entitled to deference.  <u>See</u> <u>Lony v. E.I. Du Pont de</u>

Nemours & Co., 886 F.2d 628, 633-34 (3d Cir. 1989); Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 341 (E.D. Pa. 2001).  As Sun Life filed the motion to transfer venue, its preference clearly is the District of Massachusetts.  The claim at least as to plaintiff Weinstein accrued here because Pennsylvania is the place where the death benefits were payable to her and thus where the alleged breach of the life insurance contract took place.  See Pro Spice, 173 F. Supp. 2d at 341.

Sun Life argues for transfer based on "convenience."  However, convenience is relevant only as it relates to Sun Life's physical and financial condition and to the extent that witnesses or records would be unavailable or unable to be produced in the plaintiffs' chosen forum.  See Jumara, 55 F.3d at 879.  Sun Life is a large international corporation which generates several billions of dollars of annual revenue and will not suffer meaningful financial hardship if required to litigate in Pennsylvania.  Indeed, in recent years Sun Life has filed suit in this District and has also defended against a suit here without moving to transfer venue.  See Sun Life Assurance Co. of Can. (U.S.) v. Roberts, No. 05-707 (E.D. Pa. Feb. 15, 2005); Soltysik-Post v. Sun Life Assurance Co. of Can. (U.S.), No. 98-1265 (E.D. Pa. Mar. 10, 1998).

Moreover, Sun Life has made no showing that key witnesses and documents would be unavailable for trial in Pennsylvania.  It asserts that Sun Life employees who may be relevant witnesses reside in Massachusetts, which is outside of

this court's subpoena power.  See Fed. R. Civ. P. 45(b)(2) & (e).
However, "witnesses who are employed by a party carry no weight
in the 'balance of convenience' analysis since each party is
able, indeed, obligated to procure the attendance of its own
employees for trial."  Affymetrix, Inc. v. Synteni, Inc., 28 F.
Supp. 2d 192, 203 (D. Del. 1998).  Sun Life also admits that
documents relevant to this action are stored on its main network
server in Canada and can be accessed electronically from other
locations.  In contrast, plaintiff Weinstein is a retired social
worker.  Plaintiff Burstein resides in Israel and stays with
family in the Philadelphia area while in this country.
Plaintiffs do not have the resources of a corporation such as Sun
Life and lack any connection to Massachusetts.

The public interests also do not weigh strongly in
favor of transfer.  Any judgment will be enforceable in either
district.  The allegation in the complaint that Sun Life, a
nationwide insurance carrier, failed to comply with insurance
policies issued in many states to many different individuals does
not demonstrate that Massachusetts has a stronger interest in
this dispute than any other state where Sun Life does business
and where affected policyholders or beneficiaries reside.
Similarly, Sun Life has not identified any public policy of
Pennsylvania or Massachusetts that would weigh in favor of
transfer.  As a federal court sitting in diversity, this court is
accustomed to applying the law of other states such as the
Massachusetts Consumer Protection Act.  As the Supreme Court has

written, "There is nothing ... in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 633-34 (1964).

     Accordingly, the motion to transfer venue will be denied.